UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREA MCCORMICK,          :

             Plaintiff,          :          05 Civ. 10576 (TPG)

      - against -          :          **OPINION**

J.P. MORGAN CHASE, ANDREAS          :
SPITZER, PALDEN NAMGEL and
NORM GRETZINGER,          :

             Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/07

Andrea McCormick brings this action against JP Morgan Chase ("Morgan"), Andreas Spitzer, Palden Namgyal (misspelled Namgal in the caption), and Norm Gretzinger. The complaint contains state law causes of action for employment discrimination and other alleged wrongs. Defendants Morgan and Spitzer move under Fed. R. Civ. P. 12(b)(6) to dismiss some but not all of plaintiff's causes of action. These defendants additionally move to dismiss plaintiff's request for punitive damages, attorneys' fees and interest associated with her New York State Human Rights Law causes of action. Plaintiff cross-moves for leave to amend the complaint.

Defendants' motion is granted in part and denied in part. Plaintiff's motion is denied.

### The Complaint

The following is a summary of the allegations in the complaint.

Plaintiff McCormick was employed by defendant Morgan as an investment banker from July 2002 to February 2005. Defendants Spitzer and Gretzinger were vice-presidents of Morgan during that time, and defendant Namgyal was a managing director. Gretzinger and Namgyal were plaintiff's supervisors.

The complaint alleges that on December 18, 2004, plaintiff was sexually assaulted by Gretzinger and Namgel following a Morgan holiday party. The complaint uses the date "December 18, 2005," but this is apparently an error. Immediately following the assault, plaintiff complained to Spitzer about the sexual assault and harassment. Spitzer said, "They didn't rape you, so they didn't do anything wrong." The complaint does not provide any details about the alleged assault or harassment. The complaint further alleges that Spitzer threatened plaintiff by saying that taking any legal action against her supervisors would jeopardize her career at Morgan.

In the months following the assault, many employees at Morgan "began treating plaintiff differently, and ostracized her." The complaint does not elaborate on this allegation. Also during this time, plaintiff missed significant time from work due to unidentified medical issues. Plaintiff alleges that she followed all of Morgan's procedures regarding her illness. Nevertheless, upon her attempt to return to work from her medical leave, plaintiff was informed by Spitzer that she was "no longer welcome to her then current employment position." Although it is not entirely clear, this appears to

-3-

mean that plaintiff was still employed by Morgan but was not allowed to resume her duties as an investment banker.

Finally, plaintiff alleges that she was forced to resign because she "was provided no choices by Defendants Morgan and Spitzer."

## The Causes of Action

The First and Second Causes of Action allege, respectively, discrimination and unlawful retaliation, in violation of the New York State Human Rights Law. No motion is made against these causes of action.

The Third and Fourth Causes of Action repeat the First and Second, except that they are brought under Title 8 of the Administrative Code and Charter of New York City.

The Fifth Cause of Action alleges disability discrimination in violation of both the New York State Human Right Law and Title 8 of the New York City Administrative Code.

The Sixth Cause of Action alleges that defendant Spitzer committed the tort of intentional interference with contract, and that plaintiff was constructively discharged as a result.

The Seventh Cause of Action alleges that defendants acted "negligently, recklessly or carelessly, and/or with callous indifference toward plaintiff." No new factual allegation is made.

The Eighth and Ninth Causes of Action allege, respectively, that the individual defendants were negligently supervised by defendant Morgan

-4-

and were negligently retained by defendant Morgan.

The Tenth Cause of Action alleges that Morgan's wrongful discriminatory and retaliatory treatment of plaintiff was a breach of representations and commitments which Morgan made to plaintiff.

Discussion

Third, Fourth, and Fifth Causes of Action

Under Title 8 of the New York City Administrative Code a plaintiff claiming to be aggrieved by an unlawful discriminatory practice must, within ten days of commencing a civil action, serve a copy of the complaint upon the authorized representative of the Commission on Human Rights and the Corporation Counsel. N.Y.C. Admin. Code § 8-502(c).

Defendants move to dismiss plaintiff's third, fourth and fifth causes of action for failure to comply with this statutory requirement. Plaintiff responds by making a motion seeking leave to amend the complaint as follows:

> Upon information and belief, pursuant to § 8-502 of the New York City Administrative Code, Plaintiff through and in the normal course of business of Garbar & Garbar, P.C., timely served (not filed) a copy of her complaint with the appropriate entities as set forth in the provisions of § 8-502.

This is not sufficient. There is no reason why the matter should be a matter of "information and belief." Nor is there a need for an amended pleading. The court directs plaintiff's attorneys to provide defense counsel and the court with proof of compliance with the code provision no later than

September 15, 2007. If this is not done the Third, Fourth and Fifth Causes of Action (to the extent that the Fifth Cause of Action is under the Administrative Code) will be dismissed upon submission of an appropriate order by defense counsel.

Sixth Cause of Action

With respect to the Sixth Cause of Action, plaintiff concedes that she was an at-will employee. In any event, the law in New York is that absent an agreement establishing a fixed duration of employment, an employment relationship is presumed to be a hiring at will freely terminable by either party at any time. Sabetay v. Sterling Drug, Inc., 69 N.Y.2d 329, 336 (1987). Moreover, "New York does not recognize a cause of action for the tort of abusive or wrongful discharge of an at-will employee, and this rule cannot be circumvented by casting the cause of action in terms of tortious interference with employment." Negron v. Morgan Chase/Chase Manhattan Bank, 789 N.Y.S.2d 257, 258 (2d Dep't 2005). The court dismisses plaintiff's claim that Spitzer interfered with her employment contract thus causing her constructive discharge.

Seventh, Eighth and Ninth Causes of Action

Defendants move to dismiss plaintiff's negligent supervision and negligent retention claims in the Eighth and Ninth Causes of Action because such claims are barred by New York's Workers' Compensation Law. See, e.g., Persaud v. S. Axelrod Co., No. 95 Civ. 7849, 1996 U.S. Dist. LEXIS 160, at *17

(S.D.N.Y. Jan. 10, 1996). Plaintiff does not respond to this argument, and apparently concedes the point. The same reasoning applies to the Seventh Cause of Action. These three causes of action are dismissed.

Tenth Cause of Action

It is difficult to see what the Tenth Cause of Action adds to the First and Second Causes of Action. However, defendants have not shown a basis for dismissing it and it will remain.

Punitive Damages, Attorneys' Fees and Interest

Plaintiff's First and Second Causes of Action are brought under the New York State Human Rights Law, and the Fifth is partly under that law. Defendants seek to dismiss plaintiff's claims for punitive damages, attorneys' fees and interest under those causes of action. Once again, plaintiff does not respond to this argument. Indeed, punitive damages and attorneys' fees are unavailable under the state Human Rights Law. See Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913-94 (2d Cir. 1997); Thoreson v. Penthouse Int'l, Ltd., 89 N.Y.2d 490, 497-98, 591 N.Y.S.2d 978, 981-82 (1992). However, defendants do not provide support for the proposition that interest is unavailable under the New York State Human Rights Law.

Therefore the court grants defendants' motion to dismiss the punitive damages and attorneys' fees claims under the First and Second Causes of Action and that portion of the Fifth Cause of Action brought under the New York State Human Rights Law. Defendants' motion to dismiss the

interest under those causes of action is denied.

## Conclusion

Plaintiff's motion to amend the complaint is denied. However, plaintiff must comply with the court's direction regarding the Third, Fourth and Fifth Causes of Action or they will be dismissed.

Plaintiff's Sixth, Seventh, Eighth and Ninth Causes of Action are dismissed. Defendants' motion as to the Tenth Cause of Action is denied. The court dismisses plaintiff's claims for punitive damages and attorneys' fees under the First and Second Causes of Action and the state law portion of the Fifth Cause of Action. Defendants' motion to dismiss the request for interest is denied.

SO ORDERED.

Dated:   New York, New York
         August 29, 2007

                              _____
                              THOMAS P. GRIESA
                              U.S.D.J.